# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **Forthem, LLC,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | 12-04047-CV-S-JTM |
| **City of Clever, Missouri,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On February 12, 2012, plaintiffs Forthem, LLC, Southwest Development, Inc., Area-Wide Construction, Inc., K. Randal Homes, LLC and C3 Investments, LLC, initiated the present lawsuit regarding sewer hook-up fees charged to the plaintiffs after they constructed duplexes in Clever, Missouri. The lawsuit seeks a declaratory judgment as well as damages under 42 U.S.C. § 1983. The plaintiffs named as defendants the City of Clever as well as the then-Mayor (Trisha Elam) and the then-Board of Aldermen (Jarred King, Scott Hackworth, Wade Pearce, Brandon Gilmore, Chris Montgomery, and Scott Hacksworth). All of the individuals were sued in both their official capacities and individual capacities.

Apparently as a result of recent municipal elections, the City of Clever now has a new Mayor (Jarred King) and some new Aldermen (Kara Kauffman, Sondra Stevens, and Josie McFall[1]). Pursuant to FED. R. CIV. P. 25, the defendants seek substitution. The motion is granted insofar as the plaintiffs' lawsuit asserts claims against the Mayor and Board of Aldermen in their official capacities. Indeed, such substitution has already occurred:

---

[1] Replacing Mr. King, Mr. Hackworth, and Mr. Montgomery.

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

FED. R. CIV. P. 25(d).  The defendants offer no legal rationale for substituting the individual capacity claims and, thus, the Court will not substitute those previously plead claims.

The Court would make one additional observation.  The parties should seriously examine the lawsuit as presently constituted and plead.  Even with the substituted parties, the PLAINTIFFS' PETITION seemingly contains superfluous and improper claims.  For example, a Section 1983 claim against a city official in his or her official capacity is utterly redundant when a lawsuit also contains a Section 1983 claim against the City itself.  *Wilson v. Spain,* 209 F.3d 713, 717 (8th Cir. 2000); *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 905 (8th Cir.1999).  In addition, the Court questions the legal viability of seeking a declaratory judgment under these facts against individuals in their individual capacities.  The plaintiffs might be well advised to consider amending their pleading.

        */s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**